UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


LUIS NEGRON,

               Plaintiff,

v.                                    Case No. 3:05-cv-713-J-99MCR


GOV. JEB BUSH,

               Defendant.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate incarcerated at Florida State Prison who is proceeding pro se, initiated this action by filing a pleading entitled "Petitioner Emergency Relief Petition" (Doc. #1) (hereinafter Complaint) on July 28, 2005. Plaintiff asserts that he is suicidal and requests to be transferred to the Treatment Crisis Unit at Union Correctional Institution.

Insofar as Plaintiff seeks injunctive relief, it is clear that he has failed to comply with the strictures of Fed. R. Civ. P. 65(b) and Local Rule 4.05(b). Additionally, to the extent that Plaintiff may be attempting to initiate a prisoner civil rights action pursuant to 42 U.S.C. § 1983, this case will be dismissed due to the following deficiencies.

Dockets.Justia.com

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997(e), to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e).

From a review of the emergency grievance Plaintiff appended to his Complaint, it is clear that Plaintiff submitted his emergency grievance regarding this matter on July 22, 2005, the same day he signed this Complaint and presumably handed it to prison authorities for mailing to this Court. Plaintiff should note that he is required to fully exhaust his administrative remedies **before** initiating a civil rights case in this Court.

Plaintiff also failed to use the appropriate civil rights complaint form to present his claims. As a result, he did not advise the Court of his prior civil rights actions so that the Court can determine whether Plaintiff has raised his claims previously. In reviewing any previous filings, this Court must also consider the nature of Plaintiff's actions that were dismissed before, as well as after, the enactment of the Prison Litigation

Reform Act.   See 28 U.S.C. § 1915(g).   Plaintiff also failed to provide the Court with a copy of his Complaint for service upon the named Defendant.   Finally, he failed to file a request to proceed as a pauper or to submit the $250.00 filing fee.

Therefore, for all of the above-stated reasons, this case will be dismissed without prejudice.   However, the Court will direct the Clerk to send a copy of this Order to the Warden of Florida State Prison so that he may take whatever action he deems appropriate in light of Plaintiff's alleged suicidal ideation.

It is now

**ORDERED AND ADJUDGED:**

1.    This case is hereby dismissed **without prejudice.**

2.    The Clerk of the Court shall provide Plaintiff with a civil rights complaint form and an affidavit of indigency form.[1]

3.    The Clerk of the Court shall send a copy of this Order to the Warden of Florida State Prison via facsimile.

4.    The Clerk of the Court shall enter judgment dismissing this action without prejudice.

---

[1] If Plaintiff chooses to file a civil rights complaint in this Court to address any alleged constitutional violations, he must submit a fully completed civil rights complaint form and he must submit a copy of the form for each Defendant for service of process.   He must attach to the form any grievances he filed regarding his claims, and the responses thereto.   Additionally, he must either pay the $250.00 filing fee or file an affidavit of indigency, including a fully completed prisoner consent form and financial certificate.   Plaintiff should not place this case number on the forms.   The Clerk will assign a separate case number if Plaintiff elects to initiate a new case.

5.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 28x day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE

ps 7/28
c:
Luis Negron

- 4 -